# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| CEDRIC GREENE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:24-cv-283 (MTT) |
| | ) |
| PACIFIC SHORE PROPERTY MANAGEMENT et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pro se Plaintiff Cedric Greene filed this action and contemporaneously moved for leave to proceed *in forma pauperis* ("IFP"). Docs. 1; 2. Along with granting Greene IFP status, the Court was required to screen his complaint pursuant to 28 U.S.C. § 1915(e). But because Greene failed to file a complaint, the Court was unable to conduct the required screening. Doc. 3. On January 7, 2025, Greene was ordered to file a complaint no later than January 28, 2025. *Id.* Despite being warned that failure to fully and timely comply with this order may result in the dismissal of this action, Greene did not respond. *Id.*; *see Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).[1] On February 3, 2025, Greene was ordered to show cause no later than February 17, 2025, why this case should not be dismissed for failure to comply. Doc. 4. Greene was again warned that failure to fully and timely comply with

---

[1] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

this order may result in the dismissal of this action.  *Id.*  He did not respond.

Accordingly, this action is hereby **DISMISSED** without prejudice.[2]


**SO ORDERED**, this 24th day of February, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[2] Dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "'especially where the litigant has been forewarned.'"  *Owens v. Pinellas Cnty. Sheriff's Dep't*, 331 F. App'x 654, 655 (11th Cir. 2009) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (upholding dismissal without prejudice of pro se prisoner's complaint for failure to follow court's instructions)).   Although Greene did not file a complaint, he filed an "APPLICATION FOR PERMISSION AND LEAVE" to file a civil action against Pacific Shore Property Management and one of its employees, Kristina Villicana, arising from incidents that occurred in 2019.  Doc. 1*.*  Thus, the statute of limitations may preclude Greene from refiling some of his claims.  *See Mickles v. Country Club Inc*., 887 F.3d 1270, 1280 (11th Cir. 2018).  However, the Court finds both a clear record of delay or willful conduct and that lesser sanctions would be inadequate.  *See Mingo v. Sugar Cane Growers Co-op. of Fla.,* 864 F.2d 101, 102-03 (11th Cir. 1989); *Hubbard v. Best In Town Inc*., 2023 WL 8269979, at *2 (11th Cir. Nov. 30, 2023) (citing *Mickles*, 887 F.3d at 1280).